UNITED STATES 7TH DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

**Randy Marvin Swisher**
Plaintiff

Case No. 3:22cv380

Vs.

**Cass County Sheriff's Department**
**Dale Campbell**
**Joe Nies**
**John O'Conner**                              **Jury Trial:** Yes
Defendants

## COMPLAINT FOR CIVIL CASE

1. The parties to this complaint

    A. The Plaintiff:

    **Randy Marvin Swisher**
    **12248 South County Road, 700 East**
    **Galveston, IN 46932**
    **(574) 601-6560**
    randymswisher@aol.com

    B. The Defendants:

    #1.   CASS COUNTY SHERIFF'S DEPARTMENT (corporation)

    #2.   Deputy Dale Campbell (individual)

    #3.   Deputy Joe Nies (individual)

    #4.   Deputy John O'Conner (individual)

    All Defendants can be contacted at:

1

CASS COUNTY SHERIFF'S DEPARTMENT
100 COURT PARK
LOGANSPORT, IN 46947
(574) 753-7800

2. **The basis for this Court's jurisdiction is a Federal Question.**

The specific issues in this case are violations of the Plaintiff's 4th, 5th and 14th Amendment Rights of the Constitution of the United States of America.

**The amount in controversy:**

The Plaintiff contends that the amount of financial losses in this case can be anywhere between $100,000 and $1,000,000, due to tangible items lost, wages lost, and physical/mental suffering due to the Defendants actions.

3. **Statement of Claim:**

On May 14, 2020, the three deputies mentioned as defendants in this case, along with several other law enforcement people from different departments, executed a search of the plaintiff's residence, without a probable cause search warrant, and confiscated several items from said apartment, along with a handgun that belonged to the plaintiff's son. Since the Plaintiff had a criminal record, they arrested him. The Plaintiff had rented a separate room from his son, in his son's house. (said house is at the address listed in this claim, as the plaintiff still rents the same room and resides at the same address). The sheriff's department came out with a search warrant for the plaintiff's son's home, believing the plaintiff's son was selling stolen merchandise online. Nothing was found at the plaintiff's son's home or property as he is innocent of said accusations. At the time of the search, the plaintiff notified all the defendants, that he rented a separate room from his son, and they had no right to search his room without

2

a separate search warrant. He told them that he had a contract, was paying rent, and his living situation was documented through two different government agencies. They ignored his informative proclamation and searched his residence anyway, thereby violating the plaintiff's 4th Amendment Constitutional rights that govern search and seizure. Upon finding a travel bag belonging to the plaintiff's son, with the plaintiff's son's handgun in it, (that the plaintiff was unaware of), they arrested the plaintiff for possession of a firearm. This action violated the plaintiff's right to due process guaranteed by the 5th and 14th Amendment of the U.S. Constitution, along with the 4th Amendment violation. The Defendants listed in this case were all involved in the search, and arrest, of the plaintiff. They all had been informed that they had no permission or any right to search the plaintiff's apartment, but they did it anyway, and intentionally violated the plaintiff's Constitutional rights.

4.   **Relief**

The Plaintiff seeks compensatory and punitive damages. Compensatory damages for the losses of time, personal freedom, electronic equipment, cash, and personal items taken, in the amount of $400,000.00, along with the emotional pain and suffering, both past and future, along with any cost of therapy that may be needed in the future to deal with the personal relationships lost as a result of this incident, in the amount of $300,000.00, and employment loss for over two years in the amount of $100,000.00.  Punitive/exemplary damages in the amount $200,000.00 are asked for and in order for the deliberate violations of my rights and disregard for the laws that have been established for the 4th, 5th, and 14th amendments of the U. S. Constitution.

V.  **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.  **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 5/12/22

Signature of Plaintiff: *Randy Marvin Swisher RMS*

Printed Name of Plaintiff: RANDY MARVIN SWISHER

B.  **For Attorneys**

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Street Address: _____
State and Zip Code: _____
Telephone Number: _____
E-mail Address: _____